**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SUZANNE WADE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. <u>4:22-CV-2161</u> |
| | § | |
| **STARGATE LOGISTICS LTD and** | § | |
| **SANDHU GURKIRPAL SINGH,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Stargate Logistics Ltd and Gurkirpal Singh Sandhu, incorrectly named as Sandhu Gurkirpal Singh ("Defendants") file this Notice of Removal to remove this action from the 189th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.  As grounds for removal, Defendants state as follows:

## BACKGROUND

1.      On August 26, 2021, Plaintiff Suzanne Wade ("Plaintiff") filed a Petition in the 189th Judicial District Court of Harris County, Texas, captioned *Suzanne Wade v. Stargate Logistics Ltd and Sandhu Gurkirpal Singh*, Cause No. 2021-53932. *See* Exhibit A, Attachments 1 and 2.

2.      On April 1, 2022, Plaintiff filed her First Amended Petition concerning an incident that allegedly occurred on April 28, 2021. Plaintiff alleges that she was in her stationary vehicle when Defendant Gurkirpal Singh Sandhu backed a tractor-trailer rig into Plaintiff, pushing her vehicle several car lengths. *See* Exhibit A, Attachment 5.

3.      Plaintiff brings the following causes of action against Defendants: negligence and respondeat superior. Plaintiff seeks damages past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, disfigurement, lost wages in the past, loss of wages in the future, mental anguish past and future and property damage.

4.      Defendants were served with process on June 28, 2022. *See* Exhibit A, Attachment 9. Defendants filed their answer on June 29, 2022. *See* Exhibit A, Attachment 10. Defendants files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. Of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp*, 478 F.3d 274, 278 (5th Cir. 2007).

## VENUE AND JURISDICTION

5.      Venue is proper in this Court under 28 U.S.C. §§ 81(a)(3), 1391, 1441(a), and 1446(a), because the 189th Judicial District Court of Harris County, Texas, where Plaintiff filed her pleadings, is a state court within the Southern District of Texas.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**I.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS**.

7.      "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co*., 376 F.3d 344, 353 (5th Cir. 2004) (citations and quotations omitted).

8.      Plaintiff is a resident of and is domiciled in Harris County, Texas. *See* Exhibit A, Attachment 5. Accordingly, Plaintiff has a fixed residence in Texas at which she intends to remain

indefinitely. Thus, Plaintiff is considered a citizen of Texas for purposes of assessing diversity jurisdiction.

9.      Stargate Logistics Ltd. is a corporation. Stargate is incorporated in Canada and maintains its principal place of business in the Province of Ontario. *See* Exhibit B. Thus, Stargate is a citizen of Canada for purposes of diversity jurisdiction.

10.      Gurkirpal Singh Sandhu is an individual whose residence is in Ontario, Canada. *See* Exhibit C. Thus, Gurkirpal Singh Sandhu is a citizen of Canada for the purposes of diversity jurisdiction.

11.      Because Plaintiff is a citizen of Texas, and Defendants are citizens of Canada, complete diversity of citizenship exists between Plaintiff and all Defendants in this case.

## II.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

12.      This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1).  In her Complaint, Plaintiff specifically asserts that she is seeking monetary relief over $1,000,000.00. *See* Exhibit A, Attachment 5. As a consequence, Plaintiff has asserted alleged damages well in excess of $75,000.00, exclusive of interest and costs, and therefore the minimum jurisdictional amount required for federal diversity jurisdiction has been fully satisfied.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995) (stating "in the typical diversity case, the plaintiff remains the master of his complaint").

**III.      ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**.

13.     This Notice of Removal is timely filed. Defendants were served on June 28, 2022. Because Defendants filed this Notice of Removal on June 30, 2022, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

14.     A copy of this Notice of Removal will be promptly filed with the appropriate state court pursuant to 28 U.S.C. § 1446(d).

15.     Pursuant to 28 U.S.C. §1446(a), copies of all pleadings, process, and orders served on Defendants in this action are attached hereto as Exhibit C.

16.     As required by 28 U.S.C. § 1446(d), Defendants have served a copy of the Notice of Removal on all adverse parties.

17.     All defendants who have been properly served to date have consented to removal**.**

18.     Defendants assert their right to a trial by jury.

19.     Defendants do not waive any jurisdictional or other defenses available to them.

20.     Defendants reserve the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

## <u>CONCLUSION</u>

WHEREFORE, Defendants Stargate Logistics Ltd and Gurkirpal Singh Sandhu, incorrectly named as Sandhu Gurkirpal Singh, remove this action from the 189th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

*/s/Jeff Marshall*
Jeffrey O. Marshall
State Bar No. 00797005
Jeff.Marshall@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, TX  75202
Telephone: (214) 698-8000
Facsimile:  (214) 698-1101

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that foregoing document was electronically filed with the Court on June 30, 2022.  Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.

*/s/ Jeffrey O. Marshall*
Jeffrey O. Marshall