# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **SUZANNE WADE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **STARGATE LOGISTICS LTD** and | § | |
| **SANDHU GHUKIRPAL SINGH,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## INDEX OF DOCUMENTS FILED WITH NOTICE OF REMOVAL

| Tab: | Description: |
|---|---|
| Attachment 1 | Case Docket, Cause 202153932, 189th Judicial District Court, Houston County, Texas |
| Attachment 2 | Plaintiff's Original Petition |
| Attachment 3 | Request for Issuance of Service |
| Attachment 4 | Request for Issuance of Service |
| Attachment 5 | Plaintiff's First Amended Petition |
| Attachment 6 | Request for Issuance of Service – Sandhu Gurkirpal |
| Attachment 7 | Request for Issuance of Service – Stargate |
| Attachment 8 | Civil case information sheet |
| Attachment 9 | Rule 11 Agreement Regarding Service of Process Upon Defendants |
| Attachment 10 | Defendants' Original Answer |

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

/s/ *Jeffrey O. Marshall*

Jeffrey O. Marshall
State Bar No. 00797005
jeff.marshall@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
901 Main Street, Suite 4800
Dallas, TX  75202
214-698-8000
214-698-1101 fax

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing document was electronically filed with the Court on June 30, 2022.  Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.

*s/ Jeffrey O. Marshall*

_____

Jeffrey O. Marshall

# EXHIBIT
# A-1

**HCDistrictclerk.com**   WADE, SUZANNE vs. SINGH,
GURKIRPAL   6/15/2022

Cause: 202153932   CDI: 7   Court: 189

## SUMMARY
### CASE DETAILS

| | |
|---|---|
| **File Date** | **8/26/2021 Case (Cause) Location** |
| **Case (Cause) Status** | **Active - Civil** |
| **Case (Cause) Type** | **Motor Vehicle Accident** |
| **Next/Last Setting Date** | **N/A** |
| **Jury Fee Paid Date** | **8/26/2021** |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | **189th** |
| **Address** | **201 CAROLINE (Floor: 12)** |
| | **HOUSTON, TX 77002 Phone: 713-368-6300** |
| **JudgeName** | **SCOT DOLLINGER** |
| **Court Type** | **Civil** |

| Filing | | | | |
|---|---|---|---|---|
| Filing | Plaintiffs First Amended Original Petition | | 04/01/2022 | 8 |
| Filing | Request for Issuance-Sandhu Gurkirpal Singh | | 04/01/2022 | 1 |
| Filing | Request for Isuance- Stargate | | 04/01/2022 | 1 |
| Filing | Plaintiffs Original Petition | | 08/26/2021 | 8 |
| Filing | Civil Case Information Sheet | | 08/26/2021 | 1 |
| Filing | Request for Issuance of Service | | 08/26/2021 | 1 |
| Filing | Request for Issuance of Service | | 08/26/2021 | 1 |

# EXHIBIT

# A-2

8/26/2021 3:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56702423
By: Maria Rodriguez
Filed: 8/26/2021 3:58 PM

# 2021-53932 / Court: 189

## CAUSE NO. _____

| | | |
|---|---|---|
| **SUZANNE WADE** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **\_\_\_\_ JUDICIAL DISTRICT** |
| | § | |
| **STARGATE LOGISTICS LTD AND** | § | |
| **GURKIRPAL SINGH** | § | **HARRIS COUNTY, TEXAS** |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL PETITION

Suzanne Wade, hereinafter called Plaintiff, files her original petition against Gurkirpal Singh, and Stargate Logistics, LTD hereinafter called Defendants, and would show the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1.　　Pursuant to Texas Rule of Civil Procedure 190.4 the discovery of this case is to be conducted under a Level 3 Discovery Control Plan to be agreed upon by the parties.

## II. PARTIES AND SERVICE

2.　　Plaintiff, Suzanne Wade, is a resident of Harris County, Texas.

3.　　Defendant, Gurkirpal Singh, is an Individual who is a resident of Ontario, Canada. He may be served with process at his home at the following address:　4 Sweet Oak Court, Brampton, ON L6Y 3S8, or wherever he may be found.　Service of said Defendant can be effected by personal delivery.

4.　　Defendant, Stargate Logistics, LTD, a foreign limited liability company whose registered office is located in Ontario, Canada at 5608 Trafalgar Road, Milton, ON L9E 0Y8, may be served with process by serving its registered agent for service of process, Jeffrey Fultz, at 1221 McKinney, Suite 4300, Houston, TX 77010.

### III.  JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendant Gurkirpal Singh purposefully availed himself purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      This court has jurisdiction over the parties because Defendant Stargate Logistics LTD purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.  FACTS

9.      On  April 28, 2021, Plaintiff Suzanne Wade was sitting in her stationary vehicle in the lot surrounding DHL Supply Chain located at 9701 TX-225, La Porte, TX 77571 in Harris County, Texas. At the same time, Defendant Gurkirpal Singh was in front of Plaintiff when he began to reverse an 18-wheeler towing a trailer in the course and scope of his employment for Stargate Logistics LTD. Defendant failed to check behind his vehicle or use proper warning signals before reversing the 18-wheeler into Plaintiff and pushing her several car lengths. Defendant failed

2

to keep a proper lookout and control his speed, and caused a collision with Plaintiff's vehicle. As a result of the collision, Plaintiff suffered serious bodily injuries.

## V.  PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST GURKIRPAL SINGH

10.     Defendant Gurkirpal Singh had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

11.     Plaintiff's injuries were proximately caused by Defendant Gurkirpal Singh's negligent, careless and reckless disregard of said duty.

12.     The negligent, careless and reckless disregard of duty of Defendant Gurkirpal Singh consisted of, but is not limited to, the following acts and omissions:

A.     In that Defendant Gurkirpal Singh failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     In that Defendant Gurkirpal Singh was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

C.     In that Defendant Gurkirpal Singh failed to operate a motor vehicle as a person using ordinary prudent care would have done;

D.     In that Defendant Gurkirpal Singh failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

E.     In that Defendant Gurkirpal Singh failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

F.     In that Defendant Gurkirpal Singh failed to turn his motor vehicle in an effort to avoid the collision complained of;

3

G.   In that Defendant Gurkirpal Singh failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

H.   In that Defendant Gurkirpal Singh failed to stop at an Official-Traffic Control Device;

I.   In that Defendant Gurkirpal Singh failed to yield the right-of-way to Plaintiff;

J.   In that Defendant Gurkirpal Singh failed to use the proper procedure for driving an 18-wheeler in reverse;

K.   In that Defendant Gurkirpal Singh failed to check behind his vehicle before driving in reverse; and

L.   In that Defendant Gurkirpal Singh drove the 18-wheeler in reverse causing a collision with Plaintiff.

## VI.  PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT STARGATE LOGISTICS LTD

13.   Plaintiff was injured as a result of Defendant Stargate Logistics LTD's employee's negligence.

14.   Defendant Stargate Logistics LTD's employee's negligence was performed while employee was within the course and scope of that employment.

15.   Defendant Stargate Logistics LTD's employee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16.   Plaintiffs' injuries were proximately caused by Defendant Stargate Logistics LTD's employee's negligent, careless and/or reckless disregard of said duty.

17.   The negligent, careless and/or reckless disregard of duty of Defendant Stargate Logistics LTD's employee consisted of, but is not limited to, the following acts and omissions:

A.   In that Defendant Gurkirpal Singh failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.   In that Defendant Gurkirpal Singh was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

C.   In that Defendant Gurkirpal Singh failed to operate a motor vehicle as a person using ordinary prudent care would have done;

D.   In that Defendant Gurkirpal Singh failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

E.   In that Defendant Gurkirpal Singh failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

F.   In that Defendant Gurkirpal Singh failed to turn his motor vehicle in an effort to avoid the collision complained of;

G.   In that Defendant Gurkirpal Singh failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

H.   In that Defendant Gurkirpal Singh failed to stop at an Official-Traffic Control Device; and

I.   In that Defendant Gurkirpal Singh failed to yield the right-of-way to Plaintiff.

J.   In that Defendant Gurkirpal Singh failed to use the proper procedure for driving an 18-wheeler in reverse;

K.   In that Defendant Gurkirpal Singh failed to check behind his vehicle before driving in reverse; and

L.   In that Defendant Gurkirpal Singh drove the 18-wheeler in reverse causing a collision with Plaintiff.

5

## VII.  DAMAGES FOR PLAINTIFF SUZANNE WADE

18.     Plaintiff incorporates all factual allegations made above.

19.     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and future.

20.     Plaintiff seeks monetary relief of over $1,000,000.

## VIII.  DEMAND FOR TRIAL BY JURY

21.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.  REQUESTS FOR DISCLOSURE

22.     Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## X.      RULE 193.7 NOTICE

23.     Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XI.     PRAYER

Plaintiff prays that citation issue and be served upon Defendants requiring them to appear and answer.  Plaintiff seeks damages as set forth above in excess of the minimum jurisdictional limits of this court, monetary relief in excess of $1,000,000, pre-judgment and post-judgment interest, court costs, punitive damages, and all such other relief to which Plaintiff shows himself justly entitled as well as the monetary value of these damages, which include, but are not limited

6

to:

1. Reasonable medical care and expenses in the past;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering in the future;

5. Physical impairment in the past;

6. Physical impairment which, in all reasonable probability, will be suffered in the future;

7. Physical disfigurement;

8. Loss of Wages in the past;

9. Loss of Wages in the future;

10. Mental anguish in the past;

11. Mental anguish in the future; and

12. Property damage

Respectfully submitted,

**THE MORRELL LAW FIRM, PLLC**

By: _/s/ Christopher Morrell_

Christopher Morrell
State Bar No. 24077383
Email: cmorrell@themorrellfirm.com
Boone Moyle
State Bar No. 24121238
Email: bmoyle@themorrellfirm.com

3730 Kirby, Suite 1030
Houston, Texas 77098
(833) 667-7355 / F:  (713) 322-5998
ECF:  team@themorrellfirm.com
**ATTORNEYS FOR PLAINTIFF**

7

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Morrell on behalf of Christopher Morrell
Bar No. 24077383
cmorrell@themorrellfirm.com
Envelope ID: 56702423
Status as of 8/26/2021 4:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Boone Moyle | | bmoyle@themorrellfirm.com | 8/26/2021 3:58:46 PM | SENT |
| Christopher Morrell | | cmorrell@themorrellfirm.com | 8/26/2021 3:58:46 PM | SENT |
| Mariselma Ayala-Stephens | | mayala-stephens@themorrellfirm.com | 8/26/2021 3:58:46 PM | SENT |

# EXHIBIT
# A-3

4/1/2022 11:40:32 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63180870
By: DENMON, BRIANNA J
Filed: 4/1/2022 11:40:32 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER: 2021-53932** _____     **CURRENT COURT: 189**th

**Name(s) of Documents to be served:**  Plaintiff's Original Petition

**FILE DATE:** August 26, 2021
           Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**:  **Stargate Logistics, LTD**

Address of Service:  **6550 Danville Road**

City, State & Zip:  **Mississauga ON L5T 2S6**

Agent (if applicable): **Nilam Desai**

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| **X  Citation** | ☐  **Citation by Posting** | ☐  **Citation by Publication** | ☐  **Citations Rule 106 Service** |
| ☐  **Citation Scire Facias** | | Newspaper_____ | |
| ☐  **Temporary Restraining Order** | ☐  **Precept** | | ☐  **Notice** |
| ☐  **Protective Order** | | | |
| ☐  **Secretary of State Citation ($12.00)** | ☐  **Capias (not an E-Issuance)** | ☐  **Attachment** | |
| ☐  **Certiorari** | ☐  **Highway Commission ($12.00)** | | |
| ☐  **Commissioner of Insurance ($12.00)** | ☐  **Hague Convention ($16.00)** | ☐  **Garnishment** | |
| ☐  **Habeas Corpus** | ☐  **Injunction** | ☐  **Sequestration** | |
| ☐  **Subpoena** | | | |
| ☐  **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** _(check one)_:
☐  **ATTORNEY PICK-UP (phone)** _____     ☒ **E-Issuance by District Clerk**
☐  **MAIL to attorney   at:** _____             **(No Service Copy Fees Charged)**
☐  **CONSTABLE**                                                            _Note:_ The email registered with EfileTexas.gov must be
☐  **CERTIFIED MAIL by District Clerk**                        used to retrieve the E-Issuance Service Documents.
                                                                                   Visit www.hcdistrictclerk.com for more instructions.
☐  **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

☐  **OTHER**, _explain_ _____

**Issuance of Service Requested By:** Attorney/Party Name:  **Christopher Morrell** Bar # or ID  **24077383**

Mailing Address:**3730 Kirby Dr., Suite 1030, Houston, TX 77098** Phone Number:**833-667-7355**

# EXHIBIT

# A-4

4/1/2022 11:40:32 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63180870
By: DENMON, BRIANNA J
Filed: 4/1/2022 11:40:32 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2021-53932        **CURRENT COURT:** 189th

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** August 26, 2021
            Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to: Sandhu Gurkirpal Singh**

Address of Service: **4 Sweet Oak Court**

City, State & Zip: **Brampton, ON L6Y 3S8**

Agent (if applicable):

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| **X  Citation** | ☐  **Citation by Posting** | ☐  **Citation by Publication** | ☐  **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐  **Precept** | | ☐  **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** | |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** | |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** | |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)***:**
☐ **ATTORNEY PICK-UP (phone)** _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                     *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
                          Visit www.hcdistrictclerk.com for more instructions.
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name**: Christopher Morrell** Bar # or ID **24077383**

Mailing Address:**3730 Kirby Dr., Suite 1030, Houston, TX 77098** Phone Number:**833-667-7355**

# EXHIBIT
# A-5

4/1/2022 11:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63180870
By: Brianna Janel Denmon
Filed: 4/1/2022 11:40 AM

**CAUSE NO. 2021-53932**

| | | |
|---|---|---|
| **SUZANNE WADE** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **189ᵀᴴ JUDICIAL DISTRICT** |
| | § | |
| **STARGATE LOGISTICS LTD AND** | § | |
| **SANDHU GURKIRPAL SINGH** | § | **HARRIS COUNTY, TEXAS** |
| *Defendants* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

Suzanne Wade, hereinafter called Plaintiff, files her original petition against Sandhu Gurkirpal Singh, and Stargate Logistics, LTD hereinafter called Defendants, and would show the Court the following:

## I.  DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Texas Rule of Civil Procedure 190.4 the discovery of this case is to be conducted under a Level 3 Discovery Control Plan to be agreed upon by the parties.

## II.  PARTIES AND SERVICE

2.      Plaintiff, Suzanne Wade, is a resident of Harris County, Texas.

3.      Defendant, Sandhu Gurkirpal Singh, is an Individual who is a resident of Ontario, Canada.  He may be served with process at his home at the following address:  4 Sweet Oak Court, Brampton, ON L6Y 3S8, or wherever he may be found.

4.      Defendant, Stargate Logistics, LTD is a foreign limited liability company whose registered office is located in Ontario, Canada at 6550 Danville Road Mississauga ON L5T 2S6, may be served with process by serving its company manager, Nilam Desai, at 6550 Danville Road Mississauga ON L5T 2S6, or wherever he can be found.

### III. JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendant Sandhu Gurkirpal Singh purposefully availed himself purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      This court has jurisdiction over the parties because Defendant Stargate Logistics LTD purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

9.      On April 28, 2021, Plaintiff Suzanne Wade was sitting in her stationary vehicle in the lot surrounding DHL Supply Chain located at 9701 TX-225, La Porte, TX 77571 in Harris County, Texas. At the same time, Defendant Sandhu Gurkirpal Singh was in front of Plaintiff when he began to reverse an 18-wheeler towing a trailer in the course and scope of his employment for Stargate Logistics LTD. Defendant failed to check behind his vehicle or use proper warning signals

before reversing the 18-wheeler into Plaintiff and pushing her several car lengths. Defendant failed to keep a proper lookout and control his speed and caused a collision with Plaintiff's vehicle. As a result of the collision, Plaintiff suffered serious bodily injuries.

## V.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST SANDHU GURKIRPAL SINGH

10.    Defendant Sandhu Gurkirpal Singh had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

11.    Plaintiff's injuries were proximately caused by Defendant Sandhu Gurkirpal Singh's negligent, careless and reckless disregard of said duty.

12.    The negligent, careless and reckless disregard of duty of Defendant Sandhu Gurkirpal Singh consisted of, but is not limited to, the following acts and omissions:

A.    In that Defendant Sandhu Gurkirpal Singh failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.    In that Defendant Sandhu Gurkirpal Singh was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

C.    In that Defendant Sandhu Gurkirpal Singh failed to operate a motor vehicle as a person using ordinary prudent care would have done;

D.    In that Defendant Sandhu Gurkirpal Singh failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

E.    In that Defendant Sandhu Gurkirpal Singh failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

3

F.      In that Defendant Sandhu Gurkirpal Singh failed to turn his motor vehicle in an effort to avoid the collision complained of;

G.      In that Defendant Sandhu Gurkirpal Singh failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

H.      In that Defendant Sandhu Gurkirpal Singh failed to stop at an Official-Traffic Control Device;

I.      In that Defendant Sandhu Gurkirpal Singh failed to yield the right-of-way to Plaintiff;

J.      In that Defendant Sandhu Gurkirpal Singh failed to use the proper procedure for driving an 18-wheeler in reverse;

K.      In that Defendant Sandhu Gurkirpal Singh failed to check behind his vehicle before driving in reverse; and

L.      In that Defendant Sandhu Gurkirpal Singh drove the 18-wheeler in reverse causing a collision with Plaintiff.

## VI.  PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT STARGATE LOGISTICS, LTD

13.     Plaintiff was injured as a result of Defendant Stargate Logistics, LTD's employee's negligence.

14.     Defendant Stargate Logistics, LTD's employee's negligence was performed while employee was within the course and scope of that employment.

15.     Defendant Stargate Logistics, LTD's employee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16.     Plaintiffs' injuries were proximately caused by Defendant Stargate Logistics, LTD's employee's negligent, careless and/or reckless disregard of said duty.

4

17.     The negligent, careless and/or reckless disregard of duty of Defendant Stargate Logistics, LTD's employee consisted of, but is not limited to, the following acts and omissions:

A.      In that Defendant Sandhu Gurkirpal Singh failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.      In that Defendant Sandhu Gurkirpal Singh was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

C.      In that Defendant Sandhu Gurkirpal Singh failed to operate a motor vehicle as a person using ordinary prudent care would have done;

D.      In that Defendant Sandhu Gurkirpal Singh failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

E.      In that Defendant Sandhu Gurkirpal Singh failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

F.      In that Defendant Sandhu Gurkirpal Singh failed to turn his motor vehicle in an effort to avoid the collision complained of;

G.      In that Defendant Sandhu Gurkirpal Singh failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

H.      In that Defendant Sandhu Gurkirpal Singh failed to stop at an Official-Traffic Control Device; and

I.      In that Defendant Sandhu Gurkirpal Singh failed to yield the right-of-way to Plaintiff.

J.      In that Defendant Sandhu Gurkirpal Singh failed to use the proper procedure for driving an 18-wheeler in reverse;

K.      In that Defendant Sandhu Gurkirpal Singh failed to check behind his vehicle before driving in reverse; and

L.      In that Defendant Sandhu Gurkirpal Singh drove the 18-wheeler in reverse causing a collision with Plaintiff.

## VII.  DAMAGES FOR PLAINTIFF SUZANNE WADE

18.     Plaintiff incorporates all factual allegations made above.

As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and future as well as the monetary value of these damages, which include, but are not limited to:

1.  Reasonable medical care and expenses in the past;

2.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3.  Physical pain and suffering in the past;

4.  Physical pain and suffering in the future;

5.  Physical impairment in the past;

6.  Physical impairment which, in all reasonable probability, will be suffered in the future;

7.  Physical disfigurement;

8.  Loss of Wages in the past;

9.  Loss of Wages in the future;

10. Mental anguish in the past;

11. Mental anguish in the future; and

12. Property damage

## VIII.  DEMAND FOR TRIAL BY JURY

19.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

6

## IX.  REQUESTS FOR DISCLOSURE

20.     Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## X.      RULE 193.7 NOTICE

21.     Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

Plaintiff prays that citation issue and be served upon Defendants requiring them to appear and answer.  Plaintiff seeks damages as set forth above in excess of the minimum jurisdictional limits of this court, monetary relief in excess of $1,000,000.00, pre-judgment and post-judgment interest, court costs, punitive damages, and all such other relief to which Plaintiff shows himself justly entitled.

Respectfully submitted,

**THE MORRELL LAW FIRM, PLLC**

By:  */s/ Christopher Morrell*

Christopher Morrell
State Bar No. 24077383
Email: cmorrell@themorrellfirm.com

3730 Kirby, Suite 1030
Houston, Texas 77098
(833) 667-7355 / F:  (713) 322-5998
ECF:  team@themorrellfirm.com
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Christopher Morrell on behalf of Christopher Morrell
Bar No. 24077383
cmorrell@themorrellfirm.com
Envelope ID: 63180870
Status as of 4/1/2022 4:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Morrell | | cmorrell@themorrellfirm.com | 4/1/2022 11:40:32 AM | SENT |
| Mariselma Ayala-Stephens | | mayala-stephens@themorrellfirm.com | 4/1/2022 11:40:32 AM | SENT |

# EXHIBIT
# A-6

4/1/2022 11:40:32 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63180870
By: DENMON, BRIANNA J
Filed: 4/1/2022 11:40:32 AM

# Marilyn Burgess

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2021-53932          **CURRENT COURT:** 189th

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** August 26, 2021
                    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Sandhu Gurkirpal Singh

Address of Service: **4 Sweet Oak Court**

City, State & Zip: **Brampton, ON L6Y 3S8**

Agent (if applicable):

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| X  Citation | ☐  Citation by Posting | ☐  Citation by Publication | ☐  Citations Rule 106 Service |

☐ **Citation Scire Facias**               **Newspaper**_____

☐ **Temporary Restraining Order**       ☐ **Precept**               ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**   ☐ **Capias (not an E-Issuance)**   ☐ **Attachment**

☐ **Certiorari**                      ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**

☐ **Habeas Corpus**                  ☐ **Injunction**             ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
☐ **ATTORNEY PICK-UP (phone)** _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____          **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                      *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
                                        Visit www.hcdistrictclerk.com for more instructions.
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: **Christopher Morrell** Bar # or ID  **24077383**

Mailing Address:**3730 Kirby Dr., Suite 1030, Houston, TX 77098** Phone Number:**833-667-7355**

# EXHIBIT

# A-7

4/1/2022 11:40:32 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63180870
By: DENMON, BRIANNA J
Filed: 4/1/2022 11:40:32 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER: 2021-53932** _____      **CURRENT COURT: 189**th

**Name(s) of Documents to be served:**  Plaintiff's Original Petition

**FILE DATE:** August 26, 2021
           Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**:  **Stargate Logistics, LTD**

Address of Service:  **6550 Danville Road**

City, State & Zip:  **Mississauga ON L5T 2S6**

Agent (if applicable): **Nilam Desai**

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| X  Citation | ☐  Citation by Posting | ☐  Citation by Publication | ☐  Citations Rule 106 Service |
| ☐ Citation Scire Facias | | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐  Precept | | ☐  Notice |
| ☐ Protective Order | | | |
| ☐ Secretary of State Citation ($12.00) | ☐  Capias (not an E-Issuance) | ☐  Attachment | |
| ☐ Certiorari | ☐  Highway Commission ($12.00) | | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐  Garnishment | |
| ☐ Habeas Corpus | ☐  Injunction | ☐  Sequestration | |
| ☐ Subpoena | | | |
| ☐ Other (Please Describe) _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____      ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____            **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                   *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**            used to retrieve the E-Issuance Service Documents.
                                                  Visit www.hcdistrictclerk.com for more instructions.
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  **Christopher Morrell** Bar # or ID  **24077383**

Mailing Address:**3730 Kirby Dr., Suite 1030, Houston, TX 77098** Phone Number:**833-667-7355**

**EXHIBIT**

**A-8**

8/26/2021 3:58:46 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 56702423
By: RODRIGUEZ, MARIA V
Filed: 8/26/2021 3:58:46 PM

**CIVIL CASE INFORMATION SHEET**

2021-53932 / Court: 189

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |

STYLED Suzanne Wade vs. Gurkirpal Singh, and Stargate Logistics, LTD

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Christopher Morrell  **Email:** cmorrell@themorrellfirm.com | **Plaintiff(s)/Petitioner(s):** Suzanne Wade | ☑ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:** 3730 Kirby Drive, Suite 1030  **Telephone:** 833-667-7355 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Houston, TX 77098  **Fax:** 713-322-5998 | **Defendant(s)/Respondent(s):** urkirpal Singh  Stargate Logistics, LTD | Custodial Parent: _____ Non-Custodial Parent: _____ |
| **Signature:** Christopher Morrell  **State Bar No:** 24077383 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: ___<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: ___ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: ___<br>☑ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: ___<br>☐ Other Injury or Damage: ___ | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: ___ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: ___ | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: ___ | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| **Employment** | **Other Civil** | | | **Parent-Child Relationship** |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: ___ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ___ | | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: ___ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ___ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Rev 2/13